## LEROY ADAMS v. HIRAM A. FITE.

DEED. *Persons under disability. Acquiescence. What will constitute.* Where the vendor of real estate is twenty years old, and his conduct is calculated to make the vendee believe him to be of age, and a sale under the circumstances is consummated, and the vendor receives the compensation, and acquiesces in the sale for over thirty years, the Court say: "Both on the ground of long acquiescence, and of the concealment of the fact that he was not of full age, when complainant had good reason to know that Ewing was trading with him as *sui juris,* complainant is repelled, even if he was, in fact, only twenty years of age when he made the deed."

Cases cited: 1 Story's Eq., §385; Harmon on Estop., §496—501.

---

FROM WILSON.

---

Appeal from the Chancery Court. JOHN P. STEELE, Chancellor.

ST. JOHN & FINLEY for Adams.

JORDAN and JAMES F. STOKES for Fite.

NICHOLSON, C. J., delivered the opinion of the Court.

The bill was filed to remove a cloud from the title to a tract of land in Wilson County. The land was devised by complainant's father, in 1831, to his widow, for life, and remainder to complainant. In August, 1833, the widow and complainant conveyed the land to James Ewing, by deed in fee simple, regularly proven and registered in September, 1833. The widow and com-

plainant soon after removed to Missouri, where she died in 1862 or 1863, and where complainant still lives. The land has ever since been held and claimed adversely by Ewing & Fite, to whom it was conveyed, with no notice of any claim by complainant.

In December, 1865, complainant filed his bill, claiming the land upon the ground that he never executed any deed to Ewing in 1833, and if he did that he was then a minor.

There is a mass of evidence as to the age of complainant, when the deed was executed. His execution of it is fully proven.

The Chancellor held that the preponderence of the proof is that complainant was over twenty-one years of age when the deed was executed, and in this view of the testimony we concur with him.

Complainant alleges in his bill, that he was only thirteen or fourteen years of age when the deed was executed, but his own proof would make him over twenty years of age at that time. If this was his age, the proof satisfies us that Ewing bought his interest under the belief that he was of full age, and that complainant's conduct was calculated to make that impression. He received and carried to Missouri, and claimed the horses and wagon given for the land, and with full knowledge that Ewing was holding and claiming his remainder interest in the land, he acquiesced for over thirty years, setting up no claim, and giving no notice to Ewing or to Fite that he was not of age when he signed the deed. Both on the ground

of long acquiescence, and of the concealment of the fact that he was not of full age, when complainant had good reason to know that Ewing was trading with him as *sui juris*, complainant is repelled, even if he was in fact only twenty years of age when he made the deed. 1 Story's Eq., §385; Herman on Estop., §496–501.

On both grounds the decree is affirmed, with costs.